IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:15-CR-106-D(1) |
| VS. | § | |
| | § | |
| JOSE VALENTIN | § | |
| VALENZUELA-MORENO, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Jose Valentin Valenzuela-Moreno ("Valenzuela-Moreno") has filed an August 27, 2015 motion to strike the reference in government's indictment to 8 U.S.C. § 1326(b)(2) as prejudicial surplusage.[1]  For the reasons that follow, the court denies the motion.[2]

The court will not repeat the background facts and procedural history set out in its prior opinion denying Valenzuela-Moreno's motion to compel production of grand jury transcripts. *See United States v. Valenzuela-Moreno*, 2015 WL 4745083, at *1 (N.D. Tex. Aug. 11, 2015) (Fitzwater, J.) ("*Valenzuela-Moreno I*").  In his instant motion to strike,

---

[1]The court is advised that the government does not intend to respond to the motion. The motion is therefore ripe for decision.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Valenzuela-Moreno contends that "[s]triking the reference to an enhanced penalty will ensure that Mr. Valenzuela-Moreno's plea of guilty to the charged offense does not operate as an admission of facts pertaining to the sentencing enhancement." Mot. to Strike at 2, ¶ 4.  He also quotes the court's statement in *Valenzuela-Moreno I* that, "even in the context of a guilty plea, the court can consider striking the reference to § 1326(b)(2) in Count One." *Valenzuela-Moreno I*, 2015 WL 4745083, at *5.

But the case the court cited for that proposition—*United States v. Montoya-Echeverria*, 991 F.Supp.2d 1048 (N.D. Iowa 2013)—struck the reference in the indictment to § 1326(b)(2) "[t]o ensure that the defendant's plea of guilty to the cha[r]ged offense does not operate as an admission of facts pertaining to the sentencing enhancement." *Id.* at 1051. Before citing *Montoya-Echeverria*, the court explained:

> [i]f Valenzuela-Moreno pleads guilty, he can enter a plea based on the essential elements of a violation of § 1326(a), while preserving the right to challenge the applicability of § 1326(b)(2) during the sentencing phase.  Although in taking his plea the court will warn him of the greater possible penalties provided in § 1326(b)(2), it will not sentence him in excess of the lower penalties of § 1326(a) (or of an applicable provision of § 1326(b)) if they govern his sentence.  By pleading guilty to a violation of § 1326(a), Valenzuela-Moreno will not be admitting that the penalty provisions of § 1326(b)(2) apply.

*Valenzuela-Moreno I*, 2015 WL 4745083, at *5.  In fact, when Valenzuela-Moreno entered his guilty plea on August 28, 2015—one day after he filed the instant motion to strike—the court took care to ensure on the record that although Valenzuela-Moreno admitted that he had committed the essential elements of a violation of § 1326(a), he did not admit any facts

establishing that an enhanced penalty applied under § 1326(b). Accordingly, unlike in *Montoya-Echeverria*, there is no need to strike the reference to § 1326(b)(2) in Count One of the indictment to ensure that Valenzuela-Moreno's plea of guilty to a violation of § 1326(a) does not operate as an admission of facts pertaining to the sentencing enhancement. He did not admit to any such facts when he entered his guilty plea, and, as the court recognized in *Valenzuela-Moreno I*, he can still "challenge the applicability of § 1326(b)(2) during the sentencing phase." *Valenzuela-Moreno I*, 2015 WL 4745083, at *5.[3]

\* \* \*

Accordingly, Valenzuela-Moreno's August 27, 2015 motion to strike the reference in government's indictment to 8 U.S.C. § 1326(b)(2) as prejudicial surplusage is denied.

**SO ORDERED**.

September 23, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[3]Although the Assistant Federal Public Defender who represents Valenzuela-Moreno has not indicated such an intent, it is possible that the Federal Public Defender's Office intends to bring a new challenge to *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in which the Supreme Court held that the enhancement of § 1326(b)(2) is a sentencing factor, not a separate criminal offense, and need not be charged in the indictment, and that the instant motion is intended to sweep aside perceived procedural impediments to doing so. The court is unaware of any procedural reason why Valenzuela-Moreno would be precluded from making such a challenge—assuming the court concludes at sentencing that an enhanced penalty applies—by reason of the reference to 8 U.S.C. § 1326(b)(2) in the indictment. There is therefore no need to strike the reference in order to enable Valenzuela-Moreno to ask the Supreme Court to reconsider *Almendarez-Torres*.